ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JULIE J. SHEMITZ (Cal. Bar No. 224093)
Assistant United States Attorney
Organized Crime Drug Enforcement Task Force Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5735
    Facsimile: (213) 894-0142
    E-mail:   julie.shemitz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PEACE & RICH IMPORT, INC.,<br><br>    Defendant. | No. CR 13-107-JAK-1<br><br>PLEA AGREEMENT FOR DEFENDANT PEACE & RICH IMPORT, INC. |

1. This constitutes the plea agreement between PEACE & RICH IMPORT, INC. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

4816-3178-8308.1

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the Indictment in <u>United States v. Peace & Rich Imports, Inc., et al.</u>, CR No. 13-107-JAK, which charges defendant with conspiracy to operate an unlicensed money transmitting business by failing to comply with the business registration requirements set forth in 31 U.S.C. § 5330 and 31 C.F.R. § 103.41(c), in violation of 18 U.S.C. § 371 and 18 U.S.C. §§ 1960(a),(b)(1)(B) (first object of conspiracy only).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

//

4816-3178-8308.1

3.  Defendant further agrees:

   a)  To forfeit all right, title, and interest in and to the specific assets set forth in this paragraph that total $2,183,456.19 and consist of the following: (a) the $10,901 in United States Currency seized from the premises of Peace & Rich Import, Inc. on or about March 12, 2009; (b) the $88,976 seized on or about March 12, 2009, from United Commercial Bank Checking Account #xxx3386; (c) the $83,579.19 seized on or about March 12, 2009, from East West Bank Checking Account #xxxxxx6015; and (d) $2,000,000 in substitute assets that Defendant will pay or cause to be paid to the U.S. Marshal's Service before sentencing (collectively, the "Forfeited Assets"), which defendant admits constitute the property that was involved in defendant's illegal activity to which defendant is pleading guilty, in violation of 18 U.S.C. § 982.  This obligation is joint with Defendant Chaur Hwan Lin's forfeiture obligations in his plea agreement so both defendants are agreeing to forfeit the same $2,183,456.19, not separate amounts (thus, the total of Forfeited Assets combining the two defendants' obligations is still $2,183,456.19).

   b)  To the Court's entry of an order of forfeiture at or before sentencing with respect to these $2,183,456.19 in Forfeited Assets and to the forfeiture of these $2,183,456.19 in Forfeited Assets.

   c)  To take whatever steps are necessary to pass to the United States clear title to the Forfeited Assets described above, including, without limitation, the execution of a consent decree of

4816-3178-8308.1

forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

      d)   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against these properties pursuant to 18 U.S.C. § 981. With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that forfeiture of the Forfeited Assets in the amount of $2,183,456.19 is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

      e)   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeited Assets described above.

      f)   Not to claim that reasonable cause to seize the Forfeited Assets was lacking.

      g)   To prevent the transfer, sale, destruction, or loss of any and all of the Forfeited Assets described above to the extent defendant has the ability to do so.

      h)   That forfeiture of the Forfeited Assets described above shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may

impose. The parties agree that at sentencing, defendant is permitted to argue that the forfeiture may be relevant to the ultimate sentence that the Court imposes.

        i) Agree to and not oppose the imposition of the following conditions of probation or supervised release:

        (i) At any time, defendant shall make available all information relating to the finances, employees, shareholders and salaries of any successor company, to include organizations that take over any part of operations as they were constituted at the time the search warrant was executed in March 2009. Should defendant not comply with this condition, it will not be permitted to do business with such companies. Defendant will ensure that such companies enact a compliance program, which shall be submitted to the Probation Officer. The information made available shall include information relating to foreign bank accounts held by such companies.

        (ii) Defendant, or its successor company, shall not accept more than $5,000 in cash from a customer per payment, and defendant, or its successor company, shall not direct any of its employees to accept more than $5,000 in cash from a customer per payment.

        (iii) Defendant, or its successor company, shall keep a log and provide it, as requested, to Probation of the name, address, contact information, and passport number or driver's license number of any customer of Peace & Rich Import, Inc. or its successor company, who provides the allowable amount of cash to

4816-3178-8308.1

defendant or any of defendant's employees, as well as the amount of cash, the invoice number or transaction for which the cash was paid, the date when cash was tendered, location of transaction, and name of the employee who accepted the cash.

    (iv) Defendant shall not accept cash from any individual who is not a customer of Peace & Rich Import, Inc., or its successor company.

    (v) Defendant shall not accept any form of payment from individuals or companies who are not customers of defendant, or its successor company.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

  a. Not contest facts agreed to in this agreement.

  b. Abide by all agreements regarding sentencing contained in this agreement.

  c. Not to seek or obtain seizure or forfeiture of additional assets beyond the $2,183,456.19 in Forfeited Assets described above, which consists of the following: (a) the $10,901 in United States Currency seized from the premises of Peace & Rich Import, Inc. on or about March 12, 2009; (b) the $88,976 seized on or about March 12, 2009, from United Commercial Bank Checking Account #xxx3386; (c) the $83,579.19 seized on or about March 12, 2009, from East West Bank Checking Account #xxxxxx6015; and (d) $2,000,000 in substitute assets that Defendant will pay or cause to be paid to the U.S. Marshal's Service before sentencing.

      d.    At the time of sentencing, move to dismiss the remaining counts of the Indictment and forfeiture allegation two as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

      e.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      f.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant, including co-defendant CHAUR HWAN LIN or any officer or director, for violations of Title 18, United States Code, Sections 1956, 1957, and 1960 (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), or for violations of Title 31, United States Code, Sections 5313, 5316, 5322, 5324, 5330, or 5332 (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), or for violations of 31 C.F.R. § 103 (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), that occurred prior to the return of the indictment. Defendant

4816-3178-8308.1

understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurred after that date. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSE

5.  Defendant understands that for defendant to be guilty of the crime charged in count one of the Indictment, that is, conspiracy to control an unlicensed money transmitting business by failing to comply with the business registration requirements set forth in 31 U.S.C. § 5330 and 31 C.F.R. § 103.41(c), in violation of 18 U.S.C. § 371, 18 U.S.C. § 1960(a), (b)(1)(B), the following must be true:

a)  There was an agreement between defendant and at least one other person to knowingly conduct, control, manage, supervise, and direct, all or part of an unlicensed money transmitting business that transferred funds on behalf of the public by means of couriers, affecting interstate or foreign commerce;

b)  The business was unlicensed in that it was not registered with FinCEN as required under 31 U.S.C. § 5330 and the requirements set forth in 31 C.F.R. § 103.41(c);

c)  Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and,

4816-3178-8308.1

    d) One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

  6. As a corporate defendant, the corporation may act only through natural persons who are known as its agents. An agent or representative of the corporation possessing adequate authority may bind the corporation by that person's acts, declarations and omissions. In order for a corporate defendant to be guilty of an offense, the elements of the offense must be present as to the corporation, in the form of acts or omissions of agents or employees of the corporation within their authority.

## PENALTIES

  7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 371 and 1960(a), (b)(1)(B), is: a 5-year period of probation, a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

## FACTUAL BASIS

  8. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided in Exhibit A (attached hereto and incorporated by reference as if fully set forth herein) is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 10 below but is not meant to be a complete recitation of all facts relevant to the underlying

4816-3178-8308.1

criminal conduct or all facts known to either party that relate to that conduct.

## SENTENCING FACTORS

9. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

10. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | [U.S.S.G. §2S1.3(a)(2)] |
| Specific Offense Characteristics: | 16 | [U.S.S.G. §2B1.1(b)(1)(I)] |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 4(e)) are met. Subject to paragraph 22 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing,

4816-3178-8308.1

that any other specific offense characteristics, adjustments, or departures relating to the offense level and Sentencing Guidelines calculation be imposed.

11. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

12. The Court will order forfeiture of $2,183,456.19 in Forfeited Assets described above pursuant to 18 U.S.C. § 982.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to be represented by counsel - and if necessary have the court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel - and if necessary have the court appoint counsel - at every other stage of the proceeding.

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

4816-3178-8308.1

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty as long as (1) the fine does not exceed $250,000, and (2) the amount of forfeiture does not exceed the $2,183,456.19 in Forfeited Assets.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15. Defendant agrees that, provided the Court orders a fine that does not exceed $250,000 and orders a forfeiture of no more than $2,183,456.19 in Forfeited Assets, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the fine imposed by the court, provided it does not exceed $250,000; (c) the term of probation imposed by the Court, provided it is within the statutory maximum; and (d) any of the following conditions of probation imposed by the Court, including (i) the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; (ii) defendant is not to conduct, control, manage,

supervise, direct, or own all or part of a money transmitting business without obtaining the appropriate licenses from the state in which it operates and from the federal government ("FinCEN"); and (iii) defendant is to comply with all regulations governing money transmitting businesses under Title 31, United States Code ("Bank Secrecy Act"), and the regulations proscribed thereunder.

16.  The USAO agrees that, as long as the Court imposes a term of probation of no less than five years with the terms and conditions of probation outlined above, and a fine of no less than $500,000, the United States gives up its right to appeal the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

17.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to

4816-3178-8308.1

any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

18.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

19.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

20.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

14

      a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

      b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

      c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed-to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

21. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

22. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 10 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

23. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the

USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

25. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____     Date 7/18/13
JULIE J. SHEMITZ
Assistant United States Attorney

_____     Date 7-18-2013
CHAUR HWAN LIN
Chief Executive Officer,
Defendant Peace & Rich Import, Inc.

_____     Date 7-18-2013
PAMELA L. JOHNSTON
Attorney for Defendant
PEACE & RICH IMPORT, INC.

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement has been read to me in Mandarin Chinese, the language I understand best. Defendant has had enough time to review and consider this agreement, and Defendant has carefully and thoroughly discussed every part of it with its attorney. Defendant understands the terms of this

17

agreement, and Defendant voluntarily agrees to those terms. Defendant has discussed the evidence with its attorney, and its attorney has advised it of its rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to Defendant other than those contained in this agreement. No one has threatened or forced Defendant in any way to enter into this agreement. Defendant is satisfied with the representation of its attorney in this matter, and Defendant is pleading guilty because it is guilty of the charges and wishes to take advantage of the promises set forth in this agreement, and not for any other reason. A Certificate of Authorization that summarizes Defendant's corporate resolution that authorizes Defendant's Chief Executive Officer to enter into this agreement and enter a guilty plea pursuant to it is attached hereto as Exhibit B.

_____    Date  7-18-2013
CHAUR HWAN LIN
Chief Executive Officer for
Defendant Peace & Rich Import, Inc.

CERTIFICATION OF INTERPRETER

I, Shiru Hong am fluent in the written and spoken English and Mandarin Chinese languages. I accurately translated

4816-3178-8308.1

this entire agreement from English into Mandarin Chinese to defendant CHAUR HWAN LIN on this date.

_____    7/18/13
INTERPRETER                        Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am the attorney for defendant Peace & Rich Import, Inc. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of its rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    7/18/13
PAMELA L. JOHNSTON                 Date
Attorney for Defendant
PEACE & RICH IMPORT, INC.

4816-3178-8308.1